# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMES A. BIGGLEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV411-113 |
| | ) |
| PEARSON DELOACH, CHRIS | ) |
| FORAN, BETH ROBINSON, and | ) |
| SEAN BRANDON, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, James A. Bigglest brings a "libel and slander" action against two individuals who falsely represented, and two who credulously believed, that he had threatened violence against a fellow City of Savannah, Georgia employee. Doc. 1 at 3-4. That cost him his job as a parking service officer.[1] *Id.* at 4. He notes that a "lawsuit of discrimination is being filed at the same time as this one,"[2] doc. 1 at 2,

---

[1] Bigglest is no stranger to "wrongful termination" litigation. *See Bigglest v. Coastal Harbor Treatment Center*, CV403-141, doc. 2 at 1 (S.D. Ga. Aug. 28, 2003) (complaining that "he was unjustly terminated from Coastal Harbor Treatment Center . . . ."); *id.* docs. 19, 26 & 27 (case dismissed with prejudice because Bigglest repeatedly failed to attend his deposition despite judicial compulsion).

[2] *See Bigglest v. City of Savannah Parking Services*, CV411-116 (S.D. Ga. Complaint filed May 11, 2011).

while here he seeks an apology plus lost wages and retirement benefits. *Id.* at 5. He also seeks leave to file his case *in forma pauperis* (IFP). Doc. 2.

The Court **GRANTS** Bigglest's IFP motion because he declares under penalty of perjury that is unemployed, has no income other than unemployment benefits, and has no savings. *Id.* at 1-2. The Court is thus satisfied that he cannot, because of his poverty, afford to pay the filing fee. 28 U.S.C. § 1915; *see Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948). However, his case must be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) (requiring dismissal if the Court determines it lacks subject matter jurisdiction), as he has failed to invoke a subject-matter jurisdictional basis for this action.[3]

Bigglest has failed to plead that the defendants are anything but Georgia residents. Nor has he pled more than $75,001 in damages, so he cannot invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079,

---

[3] Alternatively, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

1085 (11th Cir. 2010); *Denegal v. DeVeaux*, 2011 WL 1456183 at * 1 (S.D. Ga. Mar. 28, 2011).

He also has failed to present a federal question under 28 U.S.C. § 1331. He has not invoked any federal statute, for example, such as 42 U.S.C. § 1983 (offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law), or 42 U.S.C. § 2000e *et seq.*, and "judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." *Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009).[4]

Accordingly, his case should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears no indication that it

---

[4] The Eleventh Circuit reminds that:

> [p]ro se pleadings must be liberally construed, though the courts may not serve as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), as *recognized by Randall v. Scott*, 610 F.3d 701, 705-06 (11th Cir. 2010).

*Sctry, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 421 (11th Cir. 2010); *Wilkerson v. H & S Lee, Inc.*, 2010 WL 2942635 at * 1 (S.D. Ga. Jun. 22, 2010).

can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153 at * 1-2 (11th Cir. Oct. 22, 2010) (even though IFP litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

**SO REPORTED AND RECOMMENDED** this  12th  day of May, 2011.

/s/ *signature*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**